Halx>, Judge,
 

 delivered the opinion of the Court:
 

 'From the particular words used in the clause of the will now under consideration, it may be fairly inferred, that the meaning and intention of the testatrix was, that if either of her sons should die, leaving no heirs lawfully begotten of .bis body at the time of his death, the living son should be the lawful heir. The words “the living son shall be the lawful, heir,” mean the same as if she had devised the lands to Benjamin in fee, but in case lie died without leaving heirs lawfully begotten of his body,
 
 *83
 

 lining, nr during the life of Thadeus,
 
 then Thadeus to be the lawful heir. In this case, the (lying without heirs would be tied up to the time of the death of Benjamin, and of course not too remote. The ease before the Court is very much like the case of Pells
 
 v.
 
 Brown,
 
 (Cro. Jac.
 
 590,) where it was decided, that a devise in fee to A, and if he die without issue in the life-time of B, then to B. and his heirs, was a good executory devisé, to take effect on the contingency of A’s dying in the life-time of B. without issue. The principle of that decision has been approved in the cases of Patton
 
 v.
 
 Bradly, (3
 
 Term
 
 145,) and Roe
 
 v.
 
 Jeffrey,
 
 (7 Term
 
 589,) In the case of Hughes
 
 v.
 
 Sayer, (1 P.
 
 Wms.
 
 534,) a devise of personal estate to A. and B, and if either die without children, then to the survivor^was held good. Let judgment be entered for the Plaintiff.